## Case No. 3,600.

### DAVIDSON v. ALLIS.

[11 West. Jur. 151; Syllabi, 122; 23 Int. Rev. Rec. 49.]

Circuit Court, D. Minnesota. Feb. 3, 1877.

MORTGAGE FORECLOSURE — INADEQUATE SECURITY — APPOINTMENT OF RECEIVER FOR RENTS AND PROFITS.

1. Where in the foreclosure of a mortgage of real estate, the property mortgaged is insufficient to satisfy the indebtedness secured, and the mortgagor is insolvent, the court has the power independent of any contract lien upon the rents and income of such property, to appoint a receiver for such rents and income, and apply the same upon the indebtedness, as well for the period allowed by law for redemption from the foreclosure sale, as during proceedings pending the sale.

2. The special equity growing out of the inadequacy of security, and insolvency of the mortgagor, is superior to the legal right given by the statute, allowing the mortgagor to remain in possession during the period allowed for redemption.

A receiver of rents and income was appointed, pending the foreclosure of a mortgage on productive real estate. A sale was made June 2, 1876, under a decree and the complainant [William F. Davidson], the mortgagee, was the purchaser, and received a certificate entitling him under the laws of the state of Minnesota to a deed, and the possession of the property at the expiration of one year from the date of the order confirming the sale, unless the premises shall have been previously redeemed. A deficiency remains after application of the proceeds of the sale, which by the terms of the decree Lorenzo Allis was ordered to pay to the complainant. The receiver is not discharged. He has collected $2,111.24 from the rents of the premises, which has been paid into the registry of the court and is deposited to the credit of this suit. Application by petition is made for an order directing this amount to be paid upon such deficiency, which is resisted by the defendant Allis, the mortgagor. It is urged that the rents collected after the sale of the property under the decree cannot be applied on the deficiency, as no equitable lien existed after the sale under the decree.

Bigelow, Flandrau & Clark, for petitioner.
H. J. Horn and Lorenzo Allis, contra.

NELSON, Circuit Justice. The fee of the property was mortgaged, and no contract lien was given upon the rents and income. A receiver of rents and income was appointed, on account of the insufficiency of the fee to satisfy the debt and interests and costs and the inability of the mortgagor in possession, personally liable for the debt, to answer for the deficiency. When the mortgage became due and payable, an equitable right to the rents was created, growing out of the fact of the insolvency of the mortgagor, and the inadequate security. A sale of the property under the decree demonstrates the justice of the order appointing a receiver, for a large deficiency exists. The special equity subjecting the rents to apply upon the deficiency arising upon the sale of the mortgage security, authorizes the receiver to collect the rents and income until possession is delivered over to the purchaser. True the law of Minnesota gives the mortgagor the possession of mortgaged property after sale as before, and until the time for redemption expires; but this does not restrict the power of a court of chancery to take charge of the rents and income and enforce a superior equity. The special equity growing out of the facts, as above stated, is superior to the legal right claimed. Let an order be entered as prayed for.